The next matter, number 241386, United States v. Michael Francis. At this time, would counsel for the appellant please introduce himself on the record to begin? Yes, good morning. My name is Richard Guerriero. I'm joined by Oliver Bloom. We represent Mr. Francis. I'd like to reserve one minute for rebuttal, if I may. You may. May it please the court, the search of Mr. Francis' car in this case is not saved by the good faith exception that normally applies when there's a search conducted pursuant to a warrant. Because in this case, law enforcement misled the magistrate who issued the warrant. Most significantly, they misled the magistrate by not including in that affidavit that the informant, who was the primary source of information for that affidavit, had a prior felony conviction for a crime of dishonesty. In the same chapter of the New Hampshire Code that perjury and other crimes of dishonesty are located. And that same informant had provided false information to law enforcement when he was arrested. And the district court held a Francis hearing and heard the testimony of the affliant, the arresting, was he a state trooper? I'm sorry, the affliant, was he a state trooper? No, Your Honor. Who was he? He was a suspect in a drug case. He had been arrested with over 700 grand. The affliant for the warrant? The affliant was an FBI agent. Okay. And the question came up as to why didn't you include this information? And the answer was he was not an informant. He was not on the payroll of the government. I had not really thought of him as an informant. If he had been an informant, I would have included this information. As to the information itself, when people are stopped on the street, especially, you know, suspected drug traffickers, yeah, frequently they don't tell the truth. I didn't actually think that had much to do with and did not, as a result, discount the other evidence he had that your client was the leader of the major drug gang in Manchester, New Hampshire, and he had contacted the confidential witness to arrange a drug deal and so on and so forth. The district court accepted that testimony as credible. So what is left of your argument? The district court was required to reject on credibility grounds the FBI agent's testimony? A few points in response to that, Your Honor. First of all, I don't think the test is whether the agent subjectively did personally believe. Yeah, well, objectively it sounds fine to me. It makes a lot of sense. It made sense to the district judge, who did not say it was a subjective standard. He said it was an objective standard. And with all due respect to Judge McCullough, the agent himself in this case said that, well, I would regard this information as important. The fact that the guy had a prior conviction for a crime of dishonesty in another context, I wouldn't want to know that. I would regard it as important that the informant comply with the law. Yes, okay. Therefore, what? The district court's ruling on credibility on issues of fact was clear error? I do agree that the standard on the issues of fact is clear error, Your Honor. Yes, is that your argument, that these findings were clear error? I would suggest that it does. Why? Because the, I don't want to repeat myself, but because the informant in this case did not provide anything to make up for the fact that he had a record of dishonesty. He didn't predict any future conduct of the suspect. He didn't describe any criminal conduct that could be corroborated. And although in many cases. Can I interrupt you on that particular point? Do you have any case law or other support that would establish that the law enforcement has to corroborate the illegal activity and not just the things law enforcement corroborated here, such as the home address, the make and model of the car, things like that? Well, it's a totality of the circumstances test, and so it's, you know, every case is different. And as we pointed out in our reply brief, the government points to many cases to support, you know, a different case for each of its propositions. But there's not a particular case that's like this case where you have a source of information who has serious credibility problems. They don't predict future conduct. They don't describe any criminal conduct that's been corroborated in any way through any sort of forensic or surveillance evidence or anything like that. And they only provide innocent details that could be observed by any person. I mean, he gave a description of Mr. Francis's car. We do several of our cases say just describing someone's car or giving their address. And yes, that's a detail that can be corroborated. It's not meaningless, but that's standing alone without some other facts that can be corroborated or something to back up the credibility of the source of information. This is not an informant who had ever provided reliable information before. He had no track record. His track record was being dishonest with law enforcement. That's the only track record he had. And to get back to your point, Judge Lynch, this heart of the problem that we raise here is that the agent took it upon himself to make these credibility determinations instead of putting all the material information in the affidavit for the magistrate to make those determinations. And what the Constitution requires is that it doesn't require law enforcement to keep these things to themselves and make the determination themselves. It requires them to provide the relevant and material information to a magistrate so a magistrate can determine if a warrant should issue. Warrants come from magistrates. And what happened here is that... Yes, and the magistrate thought that the evidence was sufficient to establish probable cause, and so the warrant issued. And the evidence you want to suppress is as a result of the seizure pursuant to the warrant. So what you're trying to do is establish that the warrant was issued in error and therefore you argue the affidavit was insufficient as a matter of law because it excluded this evidence of dishonesty. The district judge who heard you both disagreed with that, found that it was objectively reasonable for the officer to have excluded this evidence, and also concluded that regardless there was sufficient evidence other than this to support probable cause. So you've got two prongs you have to overcome. I do, Your Honor, and if I may, just to go back to your earlier point, this court's review of the determination regarding the district court's review of the affidavit, that's de novo because that's not a question of fact. So when the omitted information is read in and there is a reformed affidavit, I think that's what it's called in the case law, you look at the reformed affidavit and you're reviewing that de novo. And so that's why my argument to you is that when you have this reformed affidavit with the evidence of this informant's dishonesty read into the affidavit, and then you consider all of the other circumstances that are absent here, that are present in most of your other cases, no corroboration of future content, those things. And Judge Montecalvo said, do you have case law directly on point? And you say, no, there isn't a case directly like this, but you ought to conclude from the totality of circumstances that this was in error. And if I may just point out, I don't think either side has a case directly with these specific facts, and that's what we addressed in the reply brief. Okay. Thank you, counsel. At this time, would counsel for the United States please introduce himself on the record to begin? Good morning. May it please the Court. My name is Aaron Negrande, and I represent the United States in this matter. This Court should affirm the District Court's denial of the defendant's motion to suppress in this case, because first, there was more than ample probable cause supporting the search warrant that allowed law enforcement to search the car of the defendant, Michael Francis. And second, there was no Frank's violation here, because there was no clear error in the District Court's finding that the FBI agent in this case did not entertain doubts as to the truth of the allegations or the informed statements, let alone serious doubts, and there was nothing to support that the agent was attempting to mislead the magistrate judge in the information that was included in the affidavit or in any omission. As a result, the Frank's analysis ends there. The Court need not analyze whether the warrant would have supported probable cause still if the omitted information was included, because you only get to that step of the analysis under Frank's if there's a finding that there was recklessness or there was intentionality in making the omissions. And the District Court here found just the opposite, and there was no clear error in that finding. There was ample support in the record for the District Court's finding on that, and he found, as Judge Lynch pointed out, that the affidavit credibly testified to the reasons for those omissions, and those reasons did not give rise to a finding of recklessness or intentionality. I'd like now to turn to the question of how should the Court address its analysis. If you don't mind, I thought in some ways the officer's testimony attempted to draw a distinction between informants who work for the government and the government's obligations to disclose any material about the informant which casts doubt on the informant, like truthfulness, convictions for dishonesty. The agents seem to think that was one category, and another category was simply cooperating witnesses who are often found in drug deals, drug conspiracies. Is there some case law drawing this type of distinction, and is it well recognized in law enforcement circles? I don't believe, Your Honor, that there's no case law that I'm aware of that draws the same distinction that the agent did in his testimony, aside from to say that the circumstances in this case where the informant was actually, and by the way, I just want to stop for a second and clarify, I'm using the term informant in this case because we have agreed that that would just be more simple. Yeah, I'm not quite sure why the government agreed, given the witness's testimony. Your Honor, it was for sake of simplicity, and it was how the defendant referred to the informant. I would agree that the agent did draw the distinction in his testimony, and I believe he was right in saying that this was not a paid informant. This is not someone who had an informant code, who signed any agreement with the government, who was being paid, et cetera. But I will continue to use that term just because I do think it is more simple. In this case, Your Honor, the distinction between the defendant and an informant that is discussed in case law is with professional informants who might have some motivation to try to present information to law enforcement in order to continue being signed as an informant, to continue to get paid, et cetera, whereas that doesn't exist when you have a criminal defendant. The motivation is different. And so I do think that there is a distinction, but I'm not sure I would agree that that means that you can't include or shouldn't include information that goes to the credibility of that informant. This is where it gets confusing. Your point is that the law basically says the omission must have been done to mislead the magistrate judge or issuing judge for the warrant or otherwise involve some sort of misconduct or bad faith. That's correct, Your Honor. That is what the law says, and that's discussed in 10 ways. It's discussed in Romney and other cases cited in our brief. But what I will say is that the agent's distinction in this case provides the basis for why this was not a reckless omission because he didn't entertain serious doubts as to the truth of the information provided by the defendant. I'm sorry. I meant to say informant who is not a paid informant in this case. He didn't entertain those serious doubts, and so there was no recklessness in this matter. And furthermore, there was no intention to mislead because when he looked at the omissions, the omitted information that the defendant appellant cites, that information was not the type that would lead to a finding of probable cause, that probable cause was not supported and would not vitiate probable cause in any way as included in the affidavit. So when a warrant is sought based on information provided by a witness, the magistrate needs to judge whether there's reason to believe the witness. Correct. And a prior conviction for perjury would be pretty relevant to that. Your Honor, I believe that a prior conviction, first of all, this is not a prior conviction for perjury. It was a prior conviction for physical falsification of evidence, and there is an important distinction there, and the agent testified to it, which is that with physical falsification of evidence, it involves conduct such as throwing a joint out the window of a car when the police have conducted the car stop so that it can't be obtained by police to conceal it from them, concealing a beer can, for instance, when police are approaching. It's not dependent on any false statements that are made to law enforcement, and as a result, it's very different from perjury or false statements conviction. And so that was the first distinguishing factor. I would agree that best practice might have been to include this information in the warrant. However, the information doesn't provide the basis of a finding of recklessness because it is not something that raised serious doubts as to the truth of the allegations and the informed statements in this matter that were made in a post-arrest interview with law enforcement, and it certainly wasn't omitted for the intent of misleading the magistrate and judge. So while I would agree that maybe there's some relevance, there's a difference between relevance and materiality when it comes to judging probable cause, and here the district court found correctly that there was no actual reason to doubt the veracity of the informant's statements in this case based on that physical falsification conviction. The other piece of omitted information that the defendant cites here in this case was the statements that the so-called informant made to law enforcement during the July 2021 car stop, and that also doesn't provide any reason to doubt the truth of the veracity of the informant's statements in this case because it is precisely the type of predictable denials of criminal liability that this court has held in Rumney and other cases that do not impugn the veracity of an informant because they're told in the heat of the moment and they're told before someone is actually confronted by law enforcement with evidence of their guilt. So for that reason, that too doesn't form a basis for recklessness, and it's also not material, and part of the reason for that is exactly what Judge Lynch was picking up on before, which is lots of people try to bend the truth when they're confronted with law enforcement on a car stop, and here, what the informant said was not so egregious that it would indicate that he had a propensity to lie in law enforcement when he was in custody, when he had every incentive to tell the truth because he was seeking leniency on charges that were pending against him, when he was named in an affidavit and could subject himself to further criminal liability if he told false statements and he provided specific detailed information that was not undercut at all by those statements during the car stop. Thank you. On that, the government would rest on its brief and ask this court to affirm Mr. Corso. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record to begin? He has one minute rebuttal. Just three quick points. First of all, in this court's breaking case, cited on page 35 of our brief, we point out that this court has said that recklessness can be inferred from the circumstances of the omitted information from the affidavit. So it's not a question of simply what was the agent's belief, was he being sincere. If you have circumstances like we have here where he admits that he left out important information about credibility, that allows an inference of recklessness. Secondly, with regard to the crime of falsifying physical evidence, I would again point to page 16 of our reply brief. The New Hampshire Supreme Court has expressly described that conduct as purposeful conduct involving an intent to prevent disclosure. What was the conduct involved? Didn't he step on a vial of drugs or something? He was attempting to conceal his possession of drugs. Didn't he step on some drugs trying to hide them or grind them into the street? Yes. Okay. May I make one last point? Make it quick. It's just this, that in many cases it's true that an informant who makes an agreement in order to benefit where he has exposure to criminal prosecution, that that is seen by this court as a motive to tell the truth. But in this case, this particular informant, he was already caught with 700 grams of meth. He had already been convicted of a prior felony crime of dishonesty. Whether or not he got caught in a lie regarding this matter paled in comparison to the possible benefit of naming someone that would provide him some credit and get a better view. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.